IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SAXON INNOVATIONS, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | |
| § | Civil Action No. 6:08-cv-265-LED |
| APPLE, INC.; GATEWAY, INC.; § | |
| GATEWAY COMPANIES, INC.; ACER § | JURY TRIAL DEMANDED |
| AMERICA CORP.; ACER, INC.; § | |
| HEWLETT-PACKARD CO.; DELL, INC.; § | |
| ASUS COMPUTER INTERNATIONAL, § | |
| INC., § | |
| § | |
| Defendants, § | |
| § | |
| and § | |
| § | |
| INTEL CORPORATION, § | |
| § | |
| Intervenor. § | |

### SAXON'S ANSWER AND COUNTERCLAIMS TO
### INTEL'S COMPLAINT IN INTERVENTION

Plaintiff Saxon Innovations, LLC ("Saxon") states the following for its Answer and Counterclaims to Intel Corporation's Complaint in Intervention ("Intel's Complaint"). Saxon denies each and every allegation contained in Intel's Complaint in Intervention that is not specifically admitted, denied or otherwise responded to in this Answer and Counterclaims.

1. Saxon admits the allegations in Paragraph 1 of Intel's Complaint.

### PARTIES

2. Saxon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of Intel's Complaint, except that Saxon admits that

Intervenor Intel designs, manufactures, and sells semiconductor products, including microprocessors, chipsets, and wireless interface products for use in computer systems.

3.  Saxon admits that it is a Texas corporation with corporate offices at 100 E. Ferguson, Suite 816, First Place, Tyler, TX 75702.

## JURISDICTION AND VENUE

4.  Saxon admits the allegations in Paragraph 4 of Intel's Complaint.

5.  Saxon admits the allegations in Paragraph 5 of Intel's Complaint.

6.  Saxon admits the allegations in Paragraph 6 of Intel's Complaint.

## BACKGROUND

7.  Saxon admits the allegations in Paragraph 7 of Intel's Complaint.

8.  Saxon admits the allegations in Paragraph 8 of Intel's Complaint.

9.  Saxon admits the allegations in Paragraph 9 of Intel's Complaint.

10. Saxon admits that the '689, '597, and '621 patents are directed, at least in part, to microprocessor and/or chipset circuitry and functions, and that at least one claim of the '555 patent is directed to wireless interface products. Saxon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 of Intel's Complaint.

11. Saxon denies the allegations in Paragraph 11 of Intel's Complaint.

12. Saxon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of Intel's Complaint.

13. Saxon admits that Intel has a license under certain patents as a result of a 1996 Patent Cross License Agreement between Intel and Advanced Micro Devices, Inc. Saxon denies the remaining allegations in Paragraph 13 of Intel's Complaint.

14. Saxon admits that the patents that Saxon is asserting against the Defendants named in its First Amended Complaint were originally assigned to Advanced Micro Devices, Inc (AMD) in the 1990s. Saxon admits that AMD assigned these patents to Legerity, Inc. in or around 2000 and that Legerity, Inc. assigned these patents to Saxon IP Assets LLC in or around 2006. Saxon IP Assets LLC assigned these patents to Saxon Innovations, LLC in or around 2007. Saxon admits that Saxon Innovations, LLC was formed in or around 2007 by Altitude Capital Partners, a New York Investment firm, to hold and enforce these patents. Saxon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 of Intel's Complaint.

15. Saxon admits that the Intel-AMD 1996 Patent Cross License Agreement grants Intel a limited perpetual, royalty-free license to make and sell certain products under the patents that AMD "owned or controlled" during the term of the agreement. Otherwise, Saxon denies the allegations in Paragraph 15 of Intel's Complaint.

16. Saxon admits that it has asserted the '689, '597, and 555 patents against Intel's customers. Saxon is without sufficient information to admit or deny the remaining allegations in Paragraph 16 of Intel's Complaint.

17. Saxon admits the allegations in Paragraph 17 of Intel's Complaint, except that Saxon is without sufficient information to form a belief as to the truth of the allegation that Intel has a license to the '621 patent under a similar 1976 patent cross-license agreement between Intel and AMD.

18. Saxon admits that Intel retains a limited license to the '555, '597, '689, and '621 patents, subject to certain exclusions, to the extent it was licensed before AMD's assignment of those patents. Otherwise, Saxon denies the allegations in Paragraph 18 of Intel's Complaint.

8258-v1/1005.0070

19. Saxon denies the allegations in Paragraph 19 of Intel's Complaint.

20. Saxon denies the allegations in Paragraph 20 of Intel's Complaint.

21. Saxon admits that it received a letter from Intel alleging that Intel's products, and those of its customers, are licensed under the Saxon patents, and requesting that Saxon dismiss its Complaint or amend it to expressly state that Saxon is not asserting infringement based on the Defendants' manufacture or sale of computers that contain allegedly licensed Intel components. Saxon admits that the letter stated that Intel would move to intervene in the current proceeding if Saxon did not comply with its requests.  Saxon also admits that it informed Intel that Saxon did not oppose its intervention in the current proceeding.  Saxon denies that it has not provided a substantive response to Intel's letter.  Other than the foregoing, Saxon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 of Intel's Complaint.

22. Saxon admits that an actual controversy exists between Intel and Saxon.  Saxon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 of Intel's Complaint.

## PATENT NO. 5,592,555

23. Saxon incorporates by reference its responses in paragraphs 1-22.

24. Saxon admits the allegations in Paragraph 24 of Intel's Complaint.

25. Saxon denies the allegations in Paragraph 25 of Intel's Complaint.

26. Saxon denies the allegations in Paragraph 26 of Intel's Complaint.

27. Saxon denies the allegations in Paragraph 27 of Intel's Complaint.

28. Saxon denies the allegations in Paragraph 28 of Intel's Complaint.

29. Saxon denies the allegations in Paragraph 29 of Intel's Complaint.

30. Saxon denies the allegations in Paragraph 30 of Intel's Complaint.

31. Saxon admits the allegations in Paragraph 31 of Intel's Complaint.

## PATENT NO. 5,502,689

32. Saxon incorporates by reference its responses in paragraphs 1-31.

33. Saxon admits the allegations in Paragraph 33 of Intel's Complaint.

34. Saxon denies the allegations in Paragraph 34 of Intel's Complaint.

35. Saxon denies the allegations in Paragraph 35 of Intel's Complaint.

36. Saxon denies the allegations in Paragraph 36 of Intel's Complaint.

37. Saxon denies the allegations in Paragraph 37 of Intel's Complaint.

38. Saxon denies the allegations in Paragraph 38 of Intel's Complaint.

39. Saxon denies the allegations in Paragraph 39 of Intel's Complaint.

40. Saxon admits the allegations in Paragraph 40 of Intel's Complaint.

## PATENT NO. 5,530,597

41. Saxon incorporates by reference its responses in paragraphs 1-40.

42. Saxon admits the allegations in Paragraph 42 of Intel's Complaint.

43. Saxon denies the allegations in Paragraph 43 of Intel's Complaint.

44. Saxon denies the allegations in Paragraph 44 of Intel's Complaint.

45. Saxon denies the allegations in Paragraph 45 of Intel's Complaint.

46. Saxon denies the allegations in Paragraph 46 of Intel's Complaint.

47. Saxon denies the allegations in Paragraph 47 of Intel's Complaint.

48. Saxon denies the allegations in Paragraph 48 of Intel's Complaint.

49. Saxon admits the allegations in Paragraph 49 of Intel's Complaint.

## PATENT NO. 5,247,621

50. Saxon incorporates by reference its responses in paragraphs 1-49.

51. Saxon admits the allegations in Paragraph 51 of Intel's Complaint.

52. Saxon denies the allegations in Paragraph 52 of Intel's Complaint.

53. Saxon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of Intel's Complaint.

54. Saxon denies the allegations in Paragraph 54 of Intel's Complaint.

55. Saxon denies the allegations in Paragraph 55 of Intel's Complaint.

56. Saxon denies the allegations in Paragraph 56 of Intel's Complaint.

57. Saxon denies the allegations in Paragraph 57 of Intel's Complaint.

58. Saxon admits the allegations in Paragraph 58 of Intel's Complaint.

## REQUEST FOR RELIEF

Saxon denies that Intel is entitled to any of the relief prayed for in paragraphs 1-8 of its Request for Relief.

## COUNTERCLAIMS

Saxon asserts the following counterclaims:

## THE PARTIES

1. Plaintiff Saxon Innovations, LLC is a Texas limited liability company. Saxon maintains corporate offices at 100 E. Ferguson, Suite 816, First Place, Tyler, TX 75702. Saxon is in the business of licensing technology related to communications, computer, and other electronics products.

2. Intel Corporation ("Intel") states in its Complaint in Intervention that it is a corporation organized and existing under the laws of the state of Delaware with a principal place of business in Santa Clara, California.

## JURISDICTION AND VENUE

3. These counterclaims arise under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b) because, upon information and belief, Intel is subject to personal jurisdiction in Texas based on its activities in the Eastern District of Texas.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,592,555

5. Saxon incorporates by reference paragraphs 1-8 of these Counterclaims as if fully set forth herein.

6. On January 7, 1997, United States Patent No. 5,592,555 (the "'555 Patent") titled "Wireless Communications Privacy Method and System" was duly and legally issued by the United States Patent & Trademark Office ("PTO"). Saxon holds all rights and interests in the

'555 Patent, a true and correct copy of which is attached as Exhibit A to this Answer and Counterclaims.

7. On information and belief, Intel has and continues to infringe, contribute to the infringement of, and/or induce others to infringe the '555 Patent by making, selling, using, offering for sale, and/or importing into the United States products embodying the patented invention without a license. Intel is liable for its infringement of the '555 Patent pursuant to 35 U.S.C. § 271(a), (b), (c), and/or (f).

8. Intel's acts of infringement are irreparably harming and causing damage to Saxon.

9. Intel will continue to infringe the '555 Patent unless enjoined.

### COUNT II – INFRINGEMENT OF U.S. PATENT NO. 5,502,689

10. Saxon incorporates by reference paragraphs 1-13 of these Counterclaims as if fully set forth herein.

11. On March 26, 1996, United States Patent No. 5,502,689 (the "'689 Patent") titled "Clock Generator Capable of Shut-Down Mode and Clock Generation Method" was duly and legally issued by the PTO. Saxon holds all rights and interests in the '689 Patent, a true and correct copy of which is attached as Exhibit B to this Answer and Counterclaims.

12. On information and belief, Intel has and continues to infringe, contribute to the infringement of, and/or induce others to infringe the '689 Patent by making, selling, using, offering for sale, and/or importing into the United States products embodying the patented invention without a license. Intel is liable for its infringement of the '689 Patent pursuant to 35 U.S.C. § 271(a), (b), (c), and/or (f).

13. Intel's acts of infringement are irreparably harming and causing damage to Saxon.

14. Intel will continue to infringe the '689 Patent unless enjoined.

### COUNT III – INFRINGEMENT OF U.S. PATENT NO. 5,530,597

15. Saxon incorporates by reference paragraphs 1-18 of these Counterclaims as if fully set forth herein.

16. On June 25, 1996, United States Patent No. 5,530,597 (the "'597 Patent") titled "Apparatus and Method for Disabling Interrupt Masks In Processors or the Like" was duly and legally issued by the PTO.  Saxon holds all rights and interests in the '597 Patent, a true and correct copy of which is attached as Exhibit C to this Answer and Counterclaims.

17. On information and belief, Intel has and continues to infringe, contribute to the infringement of, and/or induce others to infringe the '597 Patent by making, selling, using, offering for sale, and/or importing into the United States products embodying the patented invention without a license.  Intel is liable for its infringement of the '597 Patent pursuant to 35 U.S.C. § 271(a), (b), (c), and/or (f).

18. Intel's acts of infringement are irreparably harming and causing damage to Saxon.

19. Intel will continue to infringe the '597 Patent unless enjoined.

### COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 5,829,031

20. Saxon incorporates by reference paragraphs 1-23 of these Counterclaims as if fully set forth herein.

21. On October 27, 1998, United States Patent No. 5,829,031 (the "'031 Patent") titled "Microprocessor Configured to Detect a Group of Instructions and to Perform a Specific Function upon Detection" was duly and legally issued by the PTO.  Saxon holds all rights and interests in the '031 Patent, a true and correct copy of which is attached as Exhibit D to this Answer and Counterclaims.

8258-v1/1005.0070

22. On information and belief, Intel has and continues to infringe, contribute to the infringement of, and/or induce others to infringe the '031 Patent by making, selling, using, offering for sale, and/or importing into the United States products embodying the patented invention without a license. Intel is liable for its infringement of the '031 Patent pursuant to 35 U.S.C. § 271(a), (b), (c), and/or (f).

23. Intel's acts of infringement are irreparably harming and causing damage to Saxon.

24. Intel will continue to infringe the '031 Patent unless enjoined.

**COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 5,422,832**

25. Saxon incorporates by reference paragraphs 1-28 of these Counterclaims as if fully set forth herein.

26. On June 6, 1995, United States Patent No. 5,422,832 (the "'832 Patent") titled "Variable Thermal Sensor" was duly and legally issued by the PTO. Saxon holds all rights and interests in the '832 Patent, a true and correct copy of which is attached as Exhibit E to this Answer and Counterclaims.

27. On information and belief, Intel has and continues to infringe, contribute to the infringement of, and/or induce others to infringe the '832 Patent by making, selling, using, offering for sale, and/or importing into the United States products embodying the patented invention without a license. Intel is liable for its infringement of the '832 Patent pursuant to 35 U.S.C. § 271(a), (b), (c), and/or (f).

28. Intel's acts of infringement are irreparably harming and causing damage to Saxon.

29. Intel will continue to infringe the '832 Patent unless enjoined.

**JURY DEMAND**

30. Saxon demands a trial by jury on all issues.

8258-v1/1005.0070

**PRAYER FOR RELIEF**

31. Saxon seeks a declaration that Intel has infringed each of the '555, '689, '597, '031, and '832 Patents.

32. Saxon seeks an order permanently enjoining Intel and their respective officers, agents, employees, and those acting in privity with them, from further infringement of each of the '555, '689, '597, '031, and '832 Patents.

33. Saxon seeks an aware of damages arising out of Intel's infringement of each of the '555, '689, '597, '031, and '832 Patents, including enhanced damages pursuant to 35 U.S.C. § 284, together with prejudgment and post-judgment interest, in an amount according to proof.

34. Saxon seeks an award of its attorney fees, costs, and expenses pursuant to 35 U.S.C. § 285 or as otherwise permitted by law.

35. Saxon seeks such other and further relief as the Court may deem just and proper.

DATED this 19th day of December, 2008.

                                                    Respectfully submitted,

                                                  /s/ Stephen D. Susman (by permission D. Wilson)
Stephen D. Susman
State Bar No. 19521000
E-Mail: ssusman@susmangodfrey.com
Max L. Tribble, Jr.
State Bar No. 20213950
E-Mail: mtribble@susmangodfrey.com
Joseph S. Grinstein
State Bar No. 24002188
E-Mail: jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

11

<div style="margin-left:50%">
Justin A. Nelson  
State Bar No. 24034766  
E-Mail: jnelson@susmangodfrey.com  
SUSMAN GODFREY L.L.P.  
1201 Third Avenue, Suite 3800  
Seattle, Washington 98101-3000  
Telephone: (206) 516-3880  
Facsimile:  (206) 516-3883
</div>

Michael F. Heim  
State Bar No.: 09380923  
Federal ID: 8790  
E-mail: mheim@hpcllp.com  
Russell  A. Chorush  
State Bar No. 24031948  
E-mail: rchorush@hpcllp.com  
Douglas R. Wilson  
State Bar No. 24037719  
E-mail: dwilson@hpcllp.com  
HEIM, PAYNE & CHORUSH, L.L.P.  
600 Travis Street, Suite 6710  
Houston, Texas  77002-2912  
Telephone:     (713) 221-2000  
Facsimile:      (713) 221-2021

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this notice was served on all counsel who have consented to electronic service on this the 19th day of December, 2008. Local Rule CV-5(a)(3)(A).

                                              /s/ Douglas R. Wilson
                                              Douglas R. Wilson