**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| SAXON INNOVATIONS, LLC, | § § | |
| Plaintiff, | § § | Civil Action No. 6:08-cv-00265-JDL |
| vs. | § § § | |
| APPLE, INC.; GATEWAY, INC.; ACER AMERICA CORP.; ACER, INC. HEWLETT-PACKARD CO.; DELL, INC.; ASUS COMPUTER INTERNATIONAL, INC.; and INTEL CORPORATION | § § § § § § § § § | **JURY TRIAL DEMANDED** |
| Defendants. | § | |

**SECOND AMENDED COMPLAINT**

Plaintiff Saxon Innovations, LLC ("Saxon") files this Second Amended Complaint for patent infringement and alleges against Acer America Corp. and Acer, Inc. (collectively, "Acer"); Apple, Inc. ("Apple"); Dell, Inc. ("Dell"); Gateway, Inc. ("Gateway"); Hewlett-Packard Co. ("HP"); ASUS Computer International, Inc. ("ASUS"); and Intel Corporation ("Intel") (all collectively "Defendants") as follows:

**THE PARTIES**

1.  Plaintiff Saxon Innovations, LLC is a Texas corporation. Saxon maintains corporate offices at 100 E. Ferguson, Suite 816, First Place, Tyler, TX 75702. Saxon is in the business of licensing technology related to communications, computer, and other electronics products.

2.  Acer America Corp., on information and belief, is a corporation organized under the laws of the State of California with a principal place of business at 333 West San Carlos

Street, Suite 1500, San Jose, California 95110. Acer, Inc., on information and belief, is a Taiwanese corporation with a principal place of business at 8F, 88, Sec 1, Hsin Tai Wu Rd., Hsichih 221, Taiwan. Acer, Inc., on information and belief, is doing business in Texas, including business within this judicial district, directly or through its subsidiary, Acer America Corp. More particularly, on information and belief, Acer manufactures for sale and/or sells computers in the United States and, more particularly, in the Eastern District of Texas. Acer may be served with process by serving its registered agent, CT Corporation System, located at 350 N. St. Paul Street, Dallas, Texas 75201.

3. Apple, Inc., on information and belief, is a corporation organized under the laws of the State of California with a principal place of business at 1 Infinite Loop, M/S 38-3TX, Cupertino, California 95401. Apple, on information and belief, is doing business in Texas, including business within this judicial district. More particularly, on information and belief, Apple manufactures for sale and/or sells computers in the United States and, more particularly, in the Eastern District of Texas. Apple may be served with process by serving its registered agent CT Corporation System, located at 350 North St. Paul Street, Dallas, TX 75201.

4. Dell, Inc., on information and belief, is a corporation organized under the laws of the State of Delaware with a principal place of business at 1 Dell Way, Round Rock, Texas 78682. Dell, on information and belief, is doing business in Texas, including business within this judicial district. More particularly, on information and belief, Dell manufactures for sale and/or sells computers in the United States and, more particularly, in the Eastern District of Texas. Dell may be served with process by serving its registered agent, Corporation Service Company, located at 701 Brazos Street, Suite 1050, Austin, Texas 78701.

5.    Gateway, Inc., on information and belief, is a corporation organized under the laws of the State of Delaware with a principal place of business at 7565 Irvine Center Drive, Irvine, California 92618. Gateway, Inc., on information and belief, is doing business in Texas, including business within this judicial district. More particularly, on information and belief, Gateway manufactures for sale and/or sells computers in the United States and, more particularly, in the Eastern District of Texas. Gateway may be served with process by serving its registered agent, CT Corporation System, located at 350 N. St. Paul Dallas St., Texas 75201.

6.    HP, on information and belief, is a corporation organized under the laws of the State of Delaware with a principal place of business at 3000 Hanover Street, Palo Alto, California 94304. HP, on information and belief, is doing business in Texas, including business within this judicial district. More particularly, on information and belief, HP manufactures for sale and/or sells computers in the United States and, more particularly, in the Eastern District of Texas. HP may be served with process by serving its registered agent, CT Corporation System, located at 350 North St. Paul Street, Dallas, Texas 75201.

7.    ASUS, on information and belief, is a corporation organized under the laws of the State of California with a principal place of business at 44370 Nobel Drive, Fremont, California 94538. ASUS, on information and belief, is doing business in Texas, including business within this judicial district. More particularly, on information and belief, ASUS manufactures for sale and/or sells computers in the United States and, more particularly, in the Eastern District of Texas. ASUS may be served with process by serving its registered agent, Celeste D. Rincon, 1921 Cedar Bend Drive, Suite B-100, Austin, Texas 78758.

8. Intel states in its Complaint in Intervention that it is a corporation organized and existing under the laws of the state of Delaware with a principal place of business in Santa Clara, California.

## **JURISDICTION**

9. This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and § 1338(a).

## **VENUE**

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 28 U.S.C. § 1400(b) because the Defendants are subject to personal jurisdiction in Texas based on their activities in the Eastern District of Texas.

## **COUNT I—INFRINGEMENT OF U.S. PATENT NO. 5,592,555**

11. Saxon incorporates by reference paragraphs 1 through 10 of this Second Amended Complaint as if fully set forth herein.

12. On January 7, 1997, United States Patent No. 5,592,555 (the "'555 Patent") titled "Wireless Communications Privacy Method and System" was duly and legally issued by the United States Patent & Trademark Office ("PTO"). Saxon holds all rights and interests in the '555 Patent, a true and correct copy of which is attached as Exhibit A to this Complaint.

13. On information and belief, each of the Defendants has and continues to infringe, contribute to the infringement of, and/or induce others to infringe the '555 Patent by making, selling, using, offering for sale, and/or importing into the United States products embodying the patented invention without a license. Each of the Defendants is liable for its infringement of the '555 Patent pursuant to 35 U.S.C. § 271(a), (b), (c) and/or (f).

14. The Defendants' acts of infringement are irreparably harming and causing damage to Saxon.

15. Defendants will continue to infringe the '555 Patent unless enjoined.

16. At least Intel was aware of the '555 Patent and nevertheless continued to make, sell, use, offer for sale, and/or import into the United States products embodying the patented invention. On information and belief, Intel was aware of the '555 Patent due to its licensing negotiations with AMD. Plaintiff therefore seeks an enhancement of its damages pursuant to 35 U.S.C. § 284.

## COUNT II—INFRINGEMENT OF U.S. PATENT NO. 5,502,689

17. Saxon incorporates by reference paragraphs 1 through 16 of this Second Amended Complaint as if fully set forth herein.

18. On March 26, 1996, United States Patent No. 5,502,689 (the "'689 Patent") titled "Clock Generator Capable of Shut-Down Mode and Clock Generation Method" was duly and legally issued by the PTO. Saxon holds all rights and interests in the '689 Patent, a true and correct copy of which is attached as Exhibit B to this Complaint.

19. On information and belief, each of the Defendants has and continues to infringe, contribute to the infringement of, and/or induce others to infringe the '689 Patent by making, selling, using, offering for sale, and/or importing into the United States products embodying the patented invention without a license. Each of the Defendants is liable for its infringement of the '689 Patent pursuant to 35 U.S.C. § 271(a), (b), (c) and/or (f).

20. The Defendants' acts of infringement are irreparably harming and causing damage to Saxon.

21. Defendants will continue to infringe the '689 Patent unless enjoined.

22.     At least Intel was aware of the '689 Patent and nevertheless continued to make, sell, use, offer for sale, and/or import into the United States products embodying the patented invention. The following U.S. Patents issued to Intel reference the '689 Patent: 6,079,022 and 6,085,325. Thus, Intel was aware of the '689 Patent at least as early as the prosecution of the patent applications that led to issuance of these patents. On information and belief, Intel was also aware of the '689 Patent due to its licensing negotiations with AMD. Plaintiff therefore seeks an enhancement of its damages pursuant to 35 U.S.C. § 284.

## COUNT III—INFRINGEMENT OF U.S. PATENT NO. 5,530,597

23.     Saxon incorporates by reference paragraphs 1 through 22 of this Second Amended Complaint as if fully set forth herein.

24.     On June 25, 1996, United States Patent No. 5,530,597 (the "'597 Patent") titled "Apparatus and Method for Disabling Interrupt Masks In Processors or the Like" was duly and legally issued by the PTO. Saxon holds all rights and interests in the '597 Patent, a true and correct copy of which is attached as Exhibit C to this Complaint.

25.     On information and belief, each of the Defendants has and continues to infringe, contribute to the infringement of, and/or induce others to infringe the '597 Patent by making, selling, using, offering for sale, and/or importing into the United States products embodying the patented invention without a license. Each of these Defendants is liable for its infringement of the '597 Patent pursuant to 35 U.S.C. § 271(a), (b), (c) and/or (f).

26.     The Defendants' acts of infringement are irreparably harming and causing damage to Saxon.

27.     Defendants will continue to infringe the '597 Patent unless enjoined.

28.     At least Intel was aware of the '597 Patent and nevertheless continued to make, sell, use, offer for sale, and/or import into the United States products embodying the patented

invention. The following U.S. Patents issued to Intel reference the '597 Patent: 7,127,561; 7,363,474; and 7,451,296. Thus, Intel was aware of the '597 Patent at least as early as the prosecution of the patent applications that led to issuance of these patents. On information and belief, Intel was also aware of the '597 Patent due to its licensing negotiations with AMD. Plaintiff therefore seeks an enhancement of its damages pursuant to 35 U.S.C. § 284.

### COUNT IV—INFRINGEMENT OF U.S. PATENT NO. 5,422,832

29. Saxon incorporates by reference paragraphs 1 through 28 of this Second Amended Complaint as if fully set forth herein.

30. On June 6, 1995, United States Patent No. 5,422,832 (the "'832 Patent") titled "Variable Thermal Sensor" was duly and legally issued by the PTO. Saxon holds all rights and interests in the '832 Patent, a true and correct copy of which is attached as Exhibit D to this Complaint.

31. On information and belief, each of the Defendants has and continues to infringe, contribute to the infringement of, and/or induce others to infringe the '832 Patent by making, selling, using, offering for sale, and/or importing into the United States products embodying the patented invention without a license. Each of these Defendants is liable for its infringement of the '832 Patent pursuant to 35 U.S.C. § 271(a), (b), (c) and/or (f).

32. The Defendants' acts of infringement are irreparably harming and causing damage to Saxon.

33. Defendants will continue to infringe the '832 Patent unless enjoined.

34. At least Intel was aware of the '832 Patent and nevertheless continued to make, sell, use, offer for sale, and/or import into the United States products embodying the patented invention. The following U.S. Patents issued to Intel reference the '832 Patent: 5,838,578; 6,055,489; 6,363,490; 6,393,374; 6,630,754; 6,975,047; 6,980,918; 7,158,911; 7,216,064;

7,228,508; 7,263,567; and 7,449,904.  Thus, Intel was aware of the '832 Patent at least as early as the prosecution of the patent applications that led to issuance of these patents.  On information and belief, Intel was also aware of the '832 Patent due to its licensing negotiations with AMD.  Plaintiff therefore seeks an enhancement of its damages pursuant to 35 U.S.C. § 284.

### COUNT V—INFRINGEMENT OF U.S. PATENT NO. 5,829,031

35.     Saxon incorporates by reference paragraphs 1 through 34 of this Second Amended Complaint as if fully set forth herein.

36.     On October 27, 1998, United States Patent No. 5,829,031 (the "'031 Patent") titled "Microprocessor Configured to Detect a Group of Instructions and to Perform a Specific Function upon Detection" was duly and legally issued by the PTO.  Saxon holds all rights and interests in the '031 Patent, a true and correct copy of which is attached as Exhibit E to this Complaint.

37.     On information and belief, each of the Defendants has and continues to infringe, contribute to the infringement of, and/or induce others to infringe the '031 Patent by making, selling, using, offering for sale, and/or importing into the United States products embodying the patented invention without a license.  Each of these Defendants is liable for its infringement of the '031 Patent pursuant to 35 U.S.C. § 271(a), (b), (c) and/or (f).

38.     The Defendants' acts of infringement are irreparably harming and causing damage to Saxon.

39.     Defendants will continue to infringe the '031 Patent unless enjoined.

40.     At least Intel was aware of the '031 Patent and nevertheless continued to make, sell, use, offer for sale, and/or import into the United States products embodying the patented invention.  On information and belief, Intel was aware of the '031 Patent due to its licensing

negotiations with AMD. Plaintiff therefore seeks an enhancement of its damages pursuant to 35 U.S.C. § 284.

### COUNT VI—INFRINGEMENT OF U.S. PATENT NO. 5,235,635

41. Saxon incorporates by reference paragraphs 1 through 40 of this Second Amended Complaint as if fully set forth herein.

42. On August 10, 1993, United States Patent No. 5,235,635 (the "'635 Patent") titled "Keypad Monitor With Keypad Activity-Based Activation" was duly and legally issued by the PTO. Saxon holds all rights and interests in the '635 Patent, a true and correct copy of which is attached as Exhibit F to this Complaint.

43. On information and belief, each of Gateway, Acer, HP, Dell, and ASUS has and continues to infringe, contribute to the infringement of, and/or induce others to infringe the '635 Patent by making, selling, using, offering for sale, and/or importing into the United States products embodying the patented invention without a license. Each of these Defendants is liable for its infringement of the '635 Patent pursuant to 35 U.S.C. § 271(a), (b), (c) and/or (f).

44. Gateway's, Acer's, HP's, Dell's, and ASUS's acts of infringement are irreparably harming and causing damage to Saxon.

45. Gateway, Acer, HP, Dell, and ASUS will continue to infringe the '635 Patent unless enjoined.

### COUNT VII—INFRINGEMENT OF U.S. PATENT NO. 5,247,621

46. Saxon incorporates by reference paragraphs 1 through 45 of this Second Amended Complaint as if fully set forth herein.

47. On September 21, 1993, United States Patent No. 5,247,621 (the "'621 Patent") titled "System and Method for Processor Bus Use" was duly and legally issued by the PTO.

Saxon holds all rights and interests in the '621 Patent, a true and correct copy of which is attached as Exhibit G to this Complaint.

48. On information and belief, each of Apple, Acer, HP, Dell, and ASUS has and continues to infringe, contribute to the infringement of, and/or induce others to infringe the '621 Patent by making, selling, using, offering for sale, and/or importing into the United States products embodying the patented invention without a license. Each of these Defendants is liable for its infringement of the '621 Patent pursuant to 35 U.S.C. § 271(a), (b), (c) and/or (f).

49. Apple's, Acer's, HP's, Dell's, and ASUS's acts of infringement are irreparably harming and causing damage to Saxon.

50. Apple, Acer, HP, Dell, and ASUS will continue to infringe the '621 Patent unless enjoined.

## JURY DEMAND

51. Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

52. Plaintiff seeks a declaration that each of the Defendants has infringed the '555 Patent.

53. Plaintiff seeks a declaration that each of the Defendants has infringed the '689 Patent.

54. Plaintiff seeks a declaration that each of the Defendants has infringed the '597 Patent.

55. Plaintiff seeks a declaration that each of the Defendants has infringed the '832 Patent.

56. Plaintiff seeks a declaration that each of the Defendants has infringed the '031 Patent.

57. Plaintiff seeks a declaration that each of Gateway, Acer, HP, Dell, and ASUS has infringed the '635 Patent.

58. Plaintiff seeks a declaration that each of Apple, Acer, HP, Dell, and ASUS has infringed the '621 Patent.

59. Plaintiff seeks an order permanently enjoining each of the Defendants and their respective officers, agents, employees, and those acting in privity with them, from further infringement of the '555 Patent.

60. Plaintiff seeks an order permanently enjoining each of the Defendants and their respective officers, agents, employees, and those acting in privity with them, from further infringement of the '689 Patent.

61. Plaintiff seeks an order permanently enjoining each of the Defendants and their respective officers, agents, employees, and those acting in privity with them, from further infringement of the '597 Patent.

62. Plaintiff seeks an order permanently enjoining each of the Defendants and their respective officers, agents, employees, and those acting in privity with them, from further infringement of the '832 Patent.

63. Plaintiff seeks an order permanently enjoining each of the Defendants and their respective officers, agents, employees, and those acting in privity with them, from further infringement of the '031 Patent.

64. Plaintiff seeks an order permanently enjoining Gateway, Acer, HP, Dell, and ASUS and its respective officers, agents, employees, and those acting in privity with them, from further infringement of the '635 Patent.

65. Plaintiff seeks an order permanently enjoining Apple, Acer, HP, Dell, and ASUS and their respective officers, agents, employees, and those acting in privity with them, from further infringement of the '621 Patent.

66. Plaintiff seeks an award of damages arising out of Defendants' infringement of the '555 Patent, including enhanced damages pursuant to 35 U.S.C. § 284, together with pre-judgment and post-judgment interest, in an amount according to proof.

67. Plaintiff seeks an award of damages arising out of Defendants' infringement of the '689 Patent, including enhanced damages pursuant to 35 U.S.C. § 284, together with pre-judgment and post-judgment interest, in an amount according to proof.

68. Plaintiff seeks an award of damages arising out of Defendants' infringement of the '597 Patent, including enhanced damages pursuant to 35 U.S.C. § 284, together with pre-judgment and post-judgment interest, in an amount according to proof.

69. Plaintiff seeks an award of damages arising out of Defendants' infringement of the '832 Patent, including enhanced damages pursuant to 35 U.S.C. § 284, together with pre-judgment and post-judgment interest, in an amount according to proof.

70. Plaintiff seeks an award of damages arising out of Defendants' infringement of the '031 Patent, including enhanced damages pursuant to 35 U.S.C. § 284, together with pre-judgment and post-judgment interest, in an amount according to proof.

71. Plaintiff seeks an award of damages arising out of Gateway's, Acer's, HP's, Dell's, and ASUS's infringement of the '635 Patent, including enhanced damages pursuant to 35

U.S.C. § 284, together with pre-judgment and post-judgment interest, in an amount according to proof.

72. Plaintiff seeks an award of damages arising out of Apple's, Acer's, HP's, Dell's, and ASUS's infringement of the '621 Patent, including enhanced damages pursuant to 35 U.S.C. § 284, together with pre-judgment and post-judgment interest, in an amount according to proof.

73. Plaintiff seeks an award of its attorneys' fees, costs, and expenses pursuant to 35 U.S.C. § 285 or as otherwise permitted by law.

74. Plaintiff seeks such other and further relief as the Court may deem just and proper.

Dated: May 14, 2009

Respectfully submitted,

/s/ Stephen D. Susman (by permission D. Wilson)
Stephen D. Susman
State Bar No. 19521000
E-Mail: ssusman@susmangodfrey.com
Max L. Tribble, Jr.
State Bar No. 20213950
E-Mail: mtribble@susmangodfrey.com
Joseph S. Grinstein
State Bar No. 24002188
E-Mail: jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Justin A. Nelson
State Bar No. 24034766
E-Mail: jnelson@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883

Michael F. Heim

State Bar No.: 09380923
Federal ID: 8790
E-mail: mheim@hpcllp.com
Russell A. Chorush
State Bar No. 24031948
E-mail: rchorush@hpcllp.com
Douglas R. Wilson
State Bar No. 24037719
E-mail: dwilson@hpcllp.com
HEIM, PAYNE & CHORUSH, L.L.P.
600 Travis Street, Suite 6710
Houston, Texas  77002-2912
Telephone:     (713) 221-2000
Facsimile:     (713) 221-2021

CERTIFICATE OF SERVICE

  I hereby certify that on May 14, 2009, I electronically filed the foregoing document in compliance with Local Rule CV-5a(3). It has been served this day on the counsel of record, who are deemed to have consented to electronic service via the Court's CM/ECF System

| | | |
|---|---|---|
| Winslow B. Taub<br>wtaub@cov.com<br>COVINGTON & BURLING LLP<br>One Front Street<br>35th Floor<br>San Francisco, CA 94111-5356 | Bryan D. Atkinson<br>bryan.atkinson@dechert.com<br>DECHERT LLP<br>300 West 6th Street<br>Suite 1850<br>Austin, TX 78701 | Winstol D Carter, Jr.<br>wcarter@morganlewis.com<br>MORGAN LEWIS & BOCKIUS<br>1000 Louisiana Street<br>Suite 4200<br>Houston, TX 77002 |
| Michael J Newton<br>mike.newton@alston.com<br>ALSTON & BIRD, LLP<br>2200 Ross Ave<br>Suite 3601<br>Dallas, TX 75201 | Scott English Stevens<br>scott@seslawfirm.com<br>STEVENS LAW FIRM<br>111 W. Tyler Street<br>Longview, TX 75601 | Jonathan James<br>jjames@perkinscoie.com<br>PERKINS COIE BROWN &<br>BAIN, LLP<br>2901 N. Central Avenue<br>Suite 2000<br>Phoenix, AZ 85012 |

              /s/ Douglas R. Wilson
              Douglas R. Wilson

## EXHIBIT LIST

EXHIBIT A:   United States Patent No. 5,592,555

EXHIBIT B:   United States Patent No. 5,502,689

EXHIBIT C:   United States Patent No. 5,530,597

EXHIBIT D:   United States Patent No. 5,422,832

EXHIBIT E:   United States Patent No. 5,829,031

EXHIBIT F:   United States Patent No. 5,235,635

EXHIBIT G:   United States Patent No. 5,247,621